IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY MCBRYDE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:25-CV-2067-RP |
| | § | |
| FREEDOM MORTGAGE CORPORATION, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendant Nestor Solutions, LLC[1] ("Nestor") removed this case on December 17, 2025. (Not. Removal, Dkt. 1). Before the Court is a Motion to Remand filed by *pro se* Plaintiff Anthony McBryde ("McBryde"). (Dkt. 7). Nestor filed a response in conjunction with Defendant Freedom Mortgage Corporation ("Freedom Mortgage"), ("Nestor Resp."). (Dkt. 13). Defendant KBHS Home Loans ("KBHS") also responded to the motion, ("KBHS Resp."). (Dkt. 14). McBryde filed a Supplement to Motion to Remand. (Dkt. 16). Having considered the parties' submissions, the applicable law, and the record, the Court enters the following order.

## I.  BACKGROUND

On October 20, 2025, McBryde sued Defendants Freedom Mortgage Corporation; Nestor Trustee Services, LLC; Equity Trust Company; KBHS Home Loans; Chen Rong; and Jason Yat Kwong (together, "Defendants") in the 53rd Judicial Civil District Court of Travis County, Texas. (Not. Removal, Dkt. 1, at 1). McBryde filed a First Amended Petition on November 10, 2025. (*Id.*). McBryde seeks to vacate the November 1, 2022 foreclosure on the residential property located at 1716 Constanta Drive, Austin, Texas, 78753 (the "Property"). (*Id.*).

---

[1] In its response to Plaintiff's Motion to Remand, (Dkt. 7), Nestor Solutions, LLC states that it was formerly known as Nestor Trustee Services, LLC. (Dkt. 13, at 1).

In Nestor's Notice of Removal, Nestor asserts that it removes this action pursuant to 28 U.S.C. § 1332, or, diversity jurisdiction. (Dkt. 1, at 1). Nestor contends that it attached "copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by" Defendant to its Notice of Removal. (*Id.* at 2). Nestor also contends that it was not properly served with a citation in state court and that therefore, its removal is timely. (*Id.* (citing 28 U.S.C. § 1446(b)). At the time of Nestor's Notice of Removal, Nestor purports that none of the other Defendants had answered or made an appearance in the state court action. (*Id.*).

## II.  LEGAL STANDARDS

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. *Id.* § 1332(a)(1). This requires "complete diversity" of citizenship: "A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). The removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A federal district court must remand a case to state court if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). But where jurisdiction exists, the court has a "virtually unflagging obligation" to exercise it. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

A defendant must file its notice of removal according to 28 U.S.C. § 1446. This removal statute requires unanimity among defendants in order for one or more defendants to remove a case from state court—"[w]hen a civil action is removed solely under section 1441(a), all defendants who

2

have been properly joined and served must join in or consent to the removal of the action" and

"failure to do so renders the petition defective." *Gerritsen Beach Invs. v. Sw. Sec., Inc.*, No. 3:11-CV-

1555-N, 2011 WL 13299665, at *3 (N.D. Tex. Dec. 1, 2011) (quoting 28 U.S.C. § 1446(b)(2)(A).

"[T]here are several narrow, generally recognized exceptions to this 'rule of unanimity.'" *Id.* (quoting

*Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)).

## III.  DISCUSSION

Nestor contends this action may be removed to this Court pursuant to 28 U.S.C. § 1441(b)

because the action is between citizens of different states and the amount in controversy exceeds

$75,000.00, exclusive of interest and costs. (Not. Removal, Dkt. 1, at 2). In his Motion to Remand,

McBryde primarily raises a procedural defect of Nestor's removal, but the Court will still assess

whether the purported diversity jurisdiction exists. *United States v. Ruiz*, 536 U.S. 622, 628 (2002)

("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

McBryde is a citizen and resident of Texas, and Nestor asserts the following assignment of

citizenship to each party, which the Court has no reason to discredit—Nestor (Florida); Freedom

Mortgage (New Jersey and Florida); Equity Trust Company Custodian FBO David Blakely IRA and

Equity Trust Company Custodian FBO Sean Reisman IRA (Ohio); Chen Rong (Illinois); and Jason

Yat Kwong (Illinois). (*Id.* at 2–3). Nestor contends that the remaining defendant, KBHS, "should be

disregarded for the diversity analysis because it is improperly joined and only a nominal party." (*Id.*

at 4). In KBHS's response to Plaintiff's Motion to Remand, however, KBHS argues that "KBHS is

not considered a citizen of Texas for purposes of determining diversity jurisdiction." (KBHS Resp.,

Dkt. 14, at 1–2). KBHS purports that it "a Texas limited liability company doing business in Irving,

Texas, but neither of its members are citizens of Texas for purposes of determining diversity

jurisdiction." (*Id.* at 1). Further, KBHS states that "[b]oth of its members, and the sub-members of

3

those members, are incorporated in states other than Texas, and have their principal places of business in states other than Texas." (*Id.* (citing Colatriano Decl., Dkt. 4-1, at 2–3)).

Although McBryde does not raise KBHS's citizenship in either his Motion to Remand, (Dkt. 7), or Supplement to Motion to Remand, (Dkt. 16), the Court wishes to assure itself that diversity of citizenship is satisfied here such that removal is proper under 28 U.S.C. § 1441(b). For the purposes of diversity jurisdiction, "[t]he citizenship of an LLC is determined by the citizenship of each of its members." *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019). KBHS attached to its response to McBryde's Motion to Remand a declaration from Louie Colatriano, the president of KBHS, in which Colatriano asserts that the members and sub-members of KBHS are citizens of Delaware, Illinois, and California. (Colatriano Decl., Dkt. 4-1, at 2–3). From Colatriano's Declaration, the Court is satisfied that KBHS is not a citizen of Texas such that diversity is destroyed under 28 U.S.C. § 1332(a). Further, given that neither party disputes that the amount in controversy exceeds $75,000,[2] the Court finds that diversity of citizenship exists in this case.

McBryde contends that that Nestor failed to comply with the requirements of 28 U.S.C. § 1446 by not obtaining unanimous consent from all properly served defendants, meaning that remand is required under 28 U.S.C. § 1447(c). (Mot. Remand., Dkt. 7, at 2–3). Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." In its Notice of Removal, Nestor alleged that "[n]o Defendant has answered or made an appearance in the

---

[2] Plaintiff seeks declaratory relief preventing foreclosure of the Property, meaning that the amount in controversy is measured by the value of the objection of the litigation. *See Farkas v. GMAC Mortg.*, LLC, 737 F.3d 338, 341 (5th Cir. 2013). When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy. *Id.* The value of the Property here amounts to at least $381,097. (*See* Travis County Tax Appraisal, Ex. B to Not. Removal., Dkt. 1-2, at 2). The Court finds that it may take judicial notice of this document because it is of public record. *See Sanders v. Univ. of Texas Pan Am.*, 776 F. App'x 835, 837 (5th Cir. 2019).

state court action as of the time of filing this removal" and that Freedom Mortgage, "the only served defendant," "consents to the removal of this action." (Not. Removal, Dkt. 1, at 6).

McBryde contends, however, that Defendants Chen Rong and Jason Yat Kwong were "served by certified mail and signed return receipts on November 26, 2025," yet neither joined in nor consented to removal. (Mot. Remand, Dkt. 7, at 4). McBryde also represents that KBHS was served prior to removal through its registered agent, Corporate Services Company ("CSC"), yet did not join in or consent to removal. (*Id.*). To support his assertions that Rong, Kwong, and KBHS were served, McBryde attaches signed certified mail receipts to his Motion to Remand. (Exs. A, B, and C to Mot. Remand, Dkt. 7, at 8). McBryde also attaches certifications from the Secretary of State of Texas stating that the citation and petition in his case were sent by certified mail to Equity Trust Company Custodian FBO David Blakely IRA and Equity Trust Company Custodian FBO Sean Reisman IRA. (Mot. Remand, Dkt. 7, at 9–10). Further, McBryde argues that Nestor's "unsupported assertion of another defendant [Freedom Mortgage's] consent is insufficient under Fifth Circuit law and independently renders removal defective." (*Id.* at 5).

Nestor and Freedom Mortgage respond that McBryde's proof of service on Rong and Kwong do not "include critical information in this supposed return of service, including among other things, a description of what was served." (Nestor Resp. Mot Remand, Dkt. 13, at 4). Further, Freedom Mortgage contends that McBryde has not filed any other return of service on file for each defendant, so there is "no evidence that Kwong and Rong were ever properly served with a citation, as required under Texas law." (*Id.*).

Generally, "[t]he adequacy of service of process effectuated prior to removal is governed by the law of the state in which the action was originally filed." *Perez v. L-3 Commc'ns Corp.*, No. EP-06-CA-22-PRM, 2006 WL 1788182, at *2 (W.D. Tex. June 26, 2006) (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)). In Texas, service of process requires that the "officer

or authorized person executing the citation must complete a return of service." Tex. R. Civ. P. 107(a). Texas Rule of Civil Procedure 107(b) contains a list of the required information in a return of service and documents attached to it. The return of service must "either be verified or be signed under penalty of perjury" by the authorized person and contain a specific statement if the latter option is selected. Tex. R. Civ. P. 107(e). "The return and any document to which it is attached must be filed with the court and may be filed electronically." Tex. R. Civ. P. 107(g). "Should the record fail to affirmatively show that citation and its service and return were properly done in strict compliance with the rules of civil procedure, then the attempted service is invalid." *Double S Servs., LLC v. Pel-State Bulk Plant, LLC*, No. 6:20-CV-00833-ADA-JCM, 2021 WL 2043979, at *2 (W.D. Tex. May 20, 2021) (citing *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied)).

Per the Texas Rules of Civil Procedure, the Court finds that McBryde's attachments to his Motion to Remand do not reflect that service was properly effectuated on Kwong, Rong, or KBHS at the time of removal. The signed certified mail receipts McBryde attaches to his Motion to Remand do not indicate that an officer or authorized person executed that service, and Plaintiff does not provide a completed return of service for any of these co-defendants—Kwong, Rong, or KBHS. (Exs. A, B, and C to Mot. Remand, Dkt. 7, at 8). *See* Tex. R. Civ. P. 107. Thus, the Court must deem McBryde's attempted service of Kwong, Rong, and KBHS invalid.[3] *See Double S Servs., LLC*, 2021 WL 2043979 at *2.

Nestor does not address McBryde's purported service of Equity Trust Company Custodian FBO David Blakely IRA and Equity Trust Company Custodian FBO Sean Reisman IRA through the Texas Secretary of State. According to the certifications from the Texas Secretary of State's

---

[3] Given this finding, the Court declines to reach KBHS and Nestor's arguments that KBHS was improperly joined and is only a nominal party, such that it did not need to consent for Nestor's removal to be proper. (*See* Not. Removal. Dkt. 1, at 4–5; KBHS Resp., Dkt. 14, at 2).

Office that Plaintiff attaches to his Motion to Remand, the Secretary of State's Office received on December 1, 2025 a signed return receipt for the citation and petition the Office sent to Equity Trust Company Custodian FBO David Blakely IRA. (Mot. Remand, Dkt. 7, at 9). The return receipt for the citation and petition sent to Equity Trust Company Custodian FBO Sean Reisman IRA was returned to the Secretary of State's Office on December 1, 2025 bearing the notation "Return to Sender" with no reason stated on the envelope. (*Id.* at 10).

"Under Texas law, a corporation may be served through the corporation's registered agent, president, or vice president." *Henderson v. Republic of Texas*, 672 F. App'x 383, 385 (5th Cir. 2016) (citing Tex. Bus. Orgs. Code Ann. §§ 5.201, 5.255(1)). "If a corporation fails to maintain a registered agent in Texas or the registered agent cannot be served through reasonable diligence, a plaintiff may serve the Texas Secretary of State instead." *Id.* (citing Tex. Bus. Orgs. Code Ann. § 5.251). *See also* Tex. Civ. Prac. & Rem. Code Ann. § 17.044. Additionally, "a plaintiff may substitute service of process on the Secretary of State for service of process on a nonresident defendant who engages in business in Texas." *Taylor v. Alex. Brown & Sons Inc.*, No. 3:02-CV-0818-P, 2002 WL 31245369, at *3 (N.D. Tex. Oct. 2, 2002) (citing Tex. Civ. Prac. & Rem.Code Ann. § 17.042).

The record before the Court indicates that Plaintiff successfully served Equity Trust Company Custodian FBO David Blakely IRA by substitute service on the Secretary of State. (*See* Mot. Remand, Dkt. 7, at 9). Therefore, in accordance with its obligation to resolve "any doubt about the propriety of removal . . . in favor of remand," the Court finds that the record suggests Equity Trust Company Custodian FBO David Blakely IRA was a properly served defendant and therefore needed to consent for removal to be procedurally proper. *Gasch*, 491 F.3d at 281–82. *See* 28 U.S.C. § 1446(b)(2)(A). Nestor "bears the burden of establishing that federal jurisdiction exists and that removal was proper," and the Court finds that it has not done so here. *Manguno*, 276 F.3d at 723.

Given that the record presents no indication that Equity Trust Company Custodian FBO David Blakely IRA consented to removal, this procedural defect mandates removal to the state court.[4] *See Gerritsen Beach Invs.*, 2011 WL 13299665 at *5 (granting motion to remand when plaintiffs provided evidence that certain co-defendants actually received process from the Secretary of State such that the removing defendants' removal was "defective for failure to obtain the consent of all [d]efendants in violation of the rule of unanimity"); *Vatter v. Walker*, No. CV 17-171-JJB-RLB, 2017 WL 3498868, at *6 (M.D. La. July 10, 2017), *report and recommendation adopted*, No. CV 17-00171-JJB-RLB, 2017 WL 3497554 (M.D. La. Aug. 15, 2017) ("Since [a co-defendant] did not consent to the removal, the removal is improper and the case must be remanded."). Having arrived at this conclusion, the Court does not reach McBryde's additional arguments in his motion.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that McBryde's Motion to Remand, (Dkt. 7), is **GRANTED**. This case is **REMANDED** back to the 53rd Judicial Civil District Court of Travis County, Texas. The Clerk of the Court is directed to **CLOSE** this action.

**SIGNED** on March 31, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[4] The Court also notes that Nestor did not suggest that any of the narrow exceptions to the "rule of unanimity" apply here. *See Getty Oil*, 841 F.2d at 1261 n.9.